UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARVA M. LLOYD, | ) | CASE NO.: 5:13CV2734 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| | ) | |
| | ) | |
| TIME WARNER CABLE MIDWEST LLC, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

The parties appeared before the Court for a Status Conference on September 26, 2014. During the hearing, the Court gave specific directives to resolve an existing discovery dispute. For clarity in the record of this matter, the Court reiterates those orders herein while discussing Plaintiff Marva Lloyd's failure to adhere to them.

During that hearing, the Court ordered Lloyd to fully respond to Defendant Time Warner Cable's outstanding interrogatories and requests for documents.  Lloyd was ordered to submit those responses by no later than 14 days from the date of the hearing, meaning her responses were due by October 10, 2014.   The Court further ordered that Lloyd would be deposed beginning at 10 a.m. on October 22, 2014 and that the parties would utilize the Court's conference room or courtroom to complete the deposition.   Furthermore, the Court ordered that Lloyd would sign and provide an IRS release by no later than October 10, 2014.   The Court specifically informed Lloyd that her continued failure to participate in discovery could lead to dismissal of this matter with prejudice.

1

On the morning of October 22, 2014, the Court was informed that Lloyd had not appeared for her scheduled deposition. At roughly 10:35 a.m., the Court went on the record in the presence of defense counsel and a representative of the defendant. At that time, defense counsel confirmed the information contained in its earlier-filed motion to dismiss – namely that Lloyd had not responded to the interrogatories and request for documents and had not executed an IRS release. Counsel also confirmed that in addition to the Court ordering the date and time of the deposition, counsel had noticed the deposition as well. Despite those facts, Lloyd did not appear for her deposition, and there is nothing to suggest that she attempted to contact counsel or the Court to explain her absence.

Lloyd, however, did appear at a previously-scheduled status conference on the afternoon of October 22, 2014. During that conference, Lloyd asserted that she was under the mistaken belief that her deposition would not commence until after the status conference was concluded for the day. Lloyd was unable to explain where this source of confusion arose from as the Court chose a mutually agreeable date, time, and location in open court with Lloyd. Furthermore, Lloyd also claimed to have never received the notice for her deposition. In so doing, Lloyd made references to not receiving the notice via electronic mail. She did not affirmatively state that she had retrieved her mail in a timely manner as instructed by the Court during the previous conference.[1]

During the status conference, the Court asked Lloyd whether she had complied with the Court's other orders regarding discovery. At that time, Lloyd conceded that she had not 1) responded to the interrogatories, 2) responded to the document requests, and 3) signed an IRS release form. When asked why she had wholly failed to participate in discovery, Lloyd returned

---

1 The Court gave this instruction because Lloyd indicated that she was staying at a battered women's shelter and utilizing her mother's address for service. As a result, the Court advised that she was required to timely retrieve her mail on a regular basis.

time and again to her complaints regarding the medical release prepared by defense counsel. Specifically, Lloyd explained at length what she believed to be the flaws in the medical release prepared by defense counsel and how she believed that such a release violated her rights and her privacy. Lloyd did not at any time respond to the Court's questions regarding why she had not complied with any of the Court's orders regarding discovery. Moreover, while Lloyd returned time and again to the issue of the medical release, the Court had not ordered that such a release be signed prior to her deposition. Instead, the Court had informed Lloyd that it would review her interrogatory responses and then determine the appropriate scope of discovery as it related to her medical history.

As Lloyd had been previously warned that her failure to participate in discovery could lead to dismissal and still willfully failed to engage in discovery, the Court orally informed the parties that this matter would be dismissed as a discovery sanction. This order follows.

The sanctions authorized by both Rule 37(d) and Rule 37(b)(2) are identical. Thus, if a party fails to respond to discovery, appear for a deposition, or obey a discovery order, the court where the action is pending may issue orders including the following:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or

>(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Rule 37(b)(2)(A); see also Rule 37(d)(3) ("sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)").

Additionally, Rule 41(b) of the Federal Rules of Civil Procedure provides that, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Dismissal under Rule 41(b) is "available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.... A district court must be given substantial discretion in serving these tasks." *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir.1999) (internal quotation marks and citation omitted; alteration in original). Except when otherwise stated in the dismissal order, a dismissal under Rule 41(b) operates as an adjudication on the merits. Fed.R.Civ.P. 41(b).

The Sixth Circuit has instructed courts to assess four factors in determining whether dismissal for failure to prosecute or failure to comply with discovery obligations is warranted: (1) whether the party's failure was the result of willfulness, bad faith, or fault; (2) whether the opposing party suffered prejudice due to the party's conduct; (3) whether the party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered. *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001) (citations omitted); *Harmon v. CSX Transp. Inc.*, 110 F.3d 364, 366–37 (6th Cir. 1997) (quotation marks and citation omitted).

4

With respect to the first factor, the burden of showing that a failure to comply with court orders and discovery requests was due to inability, not willfulness or bad faith, rests with the individual against whom sanctions are sought. *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002) (citation omitted). "Thus, it is presumed that dismissal is not an abuse of discretion if the party has the ability to comply with a discovery order but does not." *Id.; see, e.g., United Steelworkers, Local 1–1000 v. Forestply Indus., Inc.*, 2011 WL 1210132, at *7 (W.D. Mich. Apr. 1, 2011) (defendants "had the ability to comply with the plaintiff's requests for discovery and comply [with] the Court's discovery orders but they chose not to do so without good reason and without justification").

The Court is mindful that plaintiff is proceeding *pro se*, and, it is for this reason that the Court has exercised considerable patience in dealing with plaintiff and the delays her dilatory action has caused. For example, the Court continued the first case management conference in this matter on April 23, 2014 in an effort to allow Lloyd to find counsel. After that conference, the Court contacted several individuals on the Court's pro bono list but was unable to secure counsel for Lloyd.[2] The Court held a continued case management conference on May 22, 2014 and again continued the matter until July 30, 2014 to assist Lloyd. During the July 30, 2014 conference, the Court explained the requirements that Lloyd actively participate in the prosecution of the matter and Lloyd acknowledged that she would be required to engage in the discovery process. Next, the Court scheduled a hearing on the discovery dispute presented by Time Warner for September 15,

---

2 At the Court's request, counsel from the Court's pro bono list did reach out and contact Lloyd. Counsel, however, was unable to complete an agreement to represent Lloyd.

5

2014. On Friday, September 12, 2014, Lloyd moved to continue that hearing. While that motion remained pending, the hearing went forward and Lloyd did not attend. The Court, again, however, imposed no sanction and simply rescheduled the hearing for September 26, 2014. It was during this hearing that the Court once again stressed the need and legal requirement for Lloyd to answer discovery and issued the orders set forth above.

The Court's patience is not without limit, and Lloyd's *pro se* status does not "excuse her from producing discovery." *Ward v. Am. Pizza Co.*, 279 F.R.D. 451, 458 (S.D.Ohio 2012) (collecting cases and quoting *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir.1991) ("while pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer")); *Fields v. Cnty. of Lapeer*, 2000 WL 1720727, at *2 (6th Cir. Nov. 8, 2000) ("it is incumbent on litigants, even those proceeding *pro se*, to follow ... rules of procedure") (quoting *Bradenburg v. Beaman*, 632 F.2d 120, 122 (10th Cir.1980)) (quotation marks omitted).

Lloyd's complete failure to participate in discovery can only be construed as demonstrating bad faith and/or willful intent to unduly delay resolution of these actions. *See, e.g., Robinson v. Gen. Motors Corp.*, No. 4:12CV1604, 2013 WL 999598, at *3 (N.D.Ohio Mar. 13, 2013) (citing a *pro se* plaintiff's failure to participate in the submission of joint status reports as ordered by the court, and failure to respond to discovery, as evidence of willfulness and fault); *Eddins v. Dep't of Ohio VFW*, 2012 WL 1987162, at *1 (S.D. Ohio June 4, 2012) (recommending

dismissal of a *pro se* case for failure to prosecute when the plaintiff failed to meet and confer on a joint Rule 26(f) order and failed to answer the subsequent "show cause" order); *Carr v. Miami Cnty. Jail*, 2006 WL 2987823 (S.D.Ohio Oct. 17, 2006) (recommending dismissal of pro se plaintiff's case due to plaintiff's failure to participate in discovery, failure to answer interrogatories, and failure to respond to a request to schedule a deposition); *see also Bentkowski v. Scene Magazine*, 637 F.3d 689, 697 (6th Cir. 2011) (identifying failure to provide initial disclosures as sanctionable conduct). Additionally, the Court notes that plaintiff has failed to serve any discovery requests of her own, "hurting his own case and demonstrating his failure to prosecute." *See Fite v. Canton Drop Forge, Inc.*, 2007 WL 335551, at \*2 (N.D.Ohio Nov. 7, 2007). Based upon the above, the first factor weighs strongly in favor of dismissal.

There can be no question that Lloyd's unwillingness to participate in litigation has resulted in prejudice to Time Warner, as it has been required to waste valuable time and resources attempting to get Lloyd to meet her discovery obligations. *See, e.g., Harmon*, 110 F.3d at 368 ("We have no doubt that [defendant] was prejudiced by [plaintiff's] failure to respond to its interrogatories. Not only had [defendant] been unable to secure the information requested, but it was also required to waste time, money, and effort in pursuit of cooperation which [plaintiff] was legally obligated to provide."); *Robinson*, 2013 WL 999598, at \*3 (noting that a defendant may be "prejudiced by its waste of time, money, and effort in attempting to get plaintiff to meet her discovery obligations and by having to defend a case in which plaintiff refuses to meaningfully participate"). In addition to preparing the interrogatories and document requests, counsel for

Time Warner traveled to Ohio from Georgia to depose Lloyd, securing both a videographer and a court reporter. Thus, Time Warner has expended a substantial amount of time and resources in pursuit of the discovery that Lloyd was required to provide. Accordingly, the second factor also weighs in favor of dismissal.

The Court expressly warned Lloyd that her failure to participate in discovery could lead to dismissal of this matter with prejudice. In fact, the Court delineated the specific discovery that Lloyd was required to engage in prior to her deposition and told her that the matter could be dismissed if she did not comply with her obligations. As such, the third prong also weighs in favor of dismissal.

Finally, as can be seen from the transcript of the final hearing with Lloyd, the Court did consider lesser sanctions. However, time and again the Court was confronted with a simple fact – there does not appear to be any act by the Court that would cause Lloyd to engage in discovery. Despite being ordered by the Court to answer interrogatories and document requests, Lloyd declined to do so. When questioned about her refusal, Lloyd declined to provide any substantive response. Instead, she attempted to deflect the blame for her shortcomings by insisting that defense counsel had engaged in misconduct in attempting to obtain a medical release from Lloyd. As such, the Court concluded that no lesser sanction could be imposed that would cause this matter to finally be prosecuted by Lloyd. Accordingly, dismissal was considered only as a last resort.

The Court went to considerable lengths to obtain counsel for Lloyd. When that failed, the Court gave considerable latitude to Lloyd in an attempt to give her a proverbial "day in court."

Even upon learning that Lloyd was refusing to engage in discovery without any justification, the Court imposed no sanction. Instead, the Court took final opportunity to implore Lloyd to meet her obligations or face dismissal. Lloyd declined to take advantage of that final opportunity. Accordingly, due to Lloyd's failure to engage in discovery in open defiance of this Court's order and the Federal Rules of Civil Procedure, this matter is hereby DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

November 4, 2014 /s/ John R. Adams
JUDGE JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE